FILED
12/01/2023
Tina Henry
CLERK
Cascade County District Court
STATE OF MONTANA
By: Elizabeth Sweeney
DV-7-2023-0000603-PI
Kutzman, John A.
1.00

Charles S. Lucero
CHARLES S. LUCERO, P.C.
P.O. Box 3505
615 2nd Avenue North, Suite 200
Great Falls, MT 59403-3505
Telephone: (406) 771-1515
Facsimile: (406) 771-1146
charlie@charlielucero.com

Attorney for Plaintiff

MONTANA EIGHTH JUDICIAL DISTRICT COURT, CASCADE COUNTY

| | |
|---|---|
| HALEY LINS, <br><br> Plaintiff, <br><br> -vs- <br><br> TWIN CITY FIRE INSURANCE COMPANY; <br><br> Defendant. | CAUSE NO. DV-7-2023-0000603-PI <br><br> JUDGE: Judge John A. Kutzman <br><br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW, the above-named Plaintiff, upon information and belief, and for her claims against the above-named Defendant, alleges as follows:

### GENERAL ALLEGATIONS

1. At all times materially relevant herein, Haley Lins was a resident of Great Falls, Cascade County, Montana.

2. On December 13, 2004, Haley Lins (age 10 months) was a passenger in a motor vehicle driven by her grandmother, Mary Jane Lins.

3. On December 13, 2004, Mary Jane Lins was eastbound on Smelter Avenue and entered the intersection of Smelter Avenue and 6th Street Northeast in Great Falls, Cascade County, Montana.

4. At the same time, Mary Jane Lins was driving east on Smelter Avenue, a motor vehicle driven by Lila Day entered the Smelter Avenue/6th Street Northeast intersection on a red light causing a catastrophic collision.

-1-

5. Lila Day owed a duty to Mary Jane Lins and Haley Lins to use reasonable care in the operation of her motor vehicle.

6. Lila Day negligently failed to follow the controlling traffic signal and failed to operate her vehicle in a reasonable and prudent manner.

7. Lila Day died as a result of injuries she sustained in the above-referenced collision.

8. At the time of the above-referenced collision, Lila Day retained an automobile liability insurance policy.

9. Lila Day's insurer paid Mike and Leia Lins (on behalf of Haley Lins) the remaining policy limits of insurance coverage retained by Lila Day.

## COUNT I – UNDERINSURED MOTORISTS CLAIM/BREACH OF CONTRACT – TWIN CITY FIRE INSURANCE COMPANY

10. The allegations set forth in Paragraphs 1 through 9 are incorporated herein as if set forth again in full.

11. On December 13, 2014, Mary Jane Lins was insured pursuant to an automobile insurance policy with Twin City Fire Insurance Company (Policy No. 424ENU6494) which afforded underinsured motorists coverage benefits in the amount of $1,000,000.00 per person. Twin City Fire Insurance Company is an Indiana domiciled property and casualty corporation with its principal place of business in the State of Connecticut. It is a wholly owned subsidiary of the Hartford Insurance Company. It is an insurer authorized to conduct the business of insurance in the state of Montana by Certificate of Authority of the Commissioner of Insurance of the State of Montana.

12. Despite demand, Defendant has failed and refused to honor its insurance contract and reasonably compensate its insured, Haley Lins, for her injuries pursuant to the underinsured motorists coverage which afforded coverage for the December 13, 2004 catastrophic collision.

## COUNT II – CLAIM FOR DECLARATORY RELIEF UNDER MONT. CODE ANN. § 27-8-101, ET SEQ – TWIN CITY FIRE INSURANCE COMPANY

13. The allegations set forth in Paragraphs 1 through 12 are incorporated herein as if set forth again in full.

14. Twin City Fire Insurance Company failed to reasonably fulfill and honor its insurance contract and forced Plaintiff to file this Complaint and Jury Demand to obtain the full benefit of the insurance contract.

15. Twin City Fire Insurance Company's refusal to pay Haley Lins' collision-related damages and expenses violates Mont. Code Ann. §§ 33-18-201(6) and 33-18-201(13) and controlling Montana case law.

16. Since liability on the part of the underinsured motorist and Twin City Fire Insurance Company is and has always been reasonably clear, Plaintiff is entitled to declaratory relief pursuant to Mont. Code Ann. § 27-8-202, including a declaratory judgment that Twin City Fire Insurance Company has a duty to pay Plaintiff's collision-related damages pursuant to the Twin City Fire Insurance Company insurance contract. Furthermore, Plaintiff is entitled to declaratory relief pursuant to Mont. Code Ann. § 27-8-202, including a declaratory judgment that liability is reasonably clear and that Twin City Fire Insurance Company has a duty to tender to Plaintiff benefits pursuant to the underinsured motorist's coverage contract which afforded coverage on December 13, 2004.

17. Plaintiff is entitled to supplemental relief authorized by Mont. Code Ann. § 27-8-313 including pre-judgment interest, attorney fees and costs, litigation expenses and other compensatory and punitive damages in an amount to be proven at the time of trial.

## COUNT III – BAD FAITH – TWIN CITY FIRE INSURANCE COMPANY

18. The allegations set forth in Paragraphs 1 through 17 are incorporated herein as if set forth again in full.

19. Twin City Fire Insurance Company's conduct as set forth above and as stated herein constitutes bad faith based upon Montana common law and violations of the Montana Unfair Trade Practices Act, Mont. Code Ann. § 33-18-201, which gives rise to an independent cause of action against the Defendant under Mont. Code Ann. § 33-18-242. Twin City Fire Insurance Company's overall course of action with regard to the handling of Plaintiff's underinsured motorists claim was undertaken in bad faith. Twin City Fire Insurance Company's actions and treatment of Plaintiff was malicious and constitutes gross negligence. The bad faith of Twin City Fire Insurance Company caused injury and damages to Plaintiff. These unfair claims practices arose directly out of Twin City Fire Insurance

Company's failure to timely and properly investigate and evaluate Plaintiff's underinsured motorists claims. More specifically, Haley Lins' medical records and other documentation provided to Twin City Fire Insurance Company clearly substantiated the fact that Haley Lins' injuries and damages were extraordinary in nature. Twin City Fire Insurance Company refused to comply with its legal obligations to conduct a reasonable investigation, and make a prompt, fair, and equitable settlement offer. As a result of Twin City Fire Insurance Company's bad faith conduct, Plaintiff has had to initiate this lawsuit.

20. Twin City Fire Insurance Company's conduct, as described above, violated the following statutory duties:

(a) The duty which prohibits insurance companies from neglecting to attempt in good faith to effectuate prompt, fair and equitable settlements of claims once liability has become reasonably clear;

(b) The duty which prohibits insurance companies from refusing to pay claims without conducting a reasonable investigation based upon all available information;

(c) The duty which prohibits insurance companies from compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amount ultimately recovered in an action brought by such insureds; and

21. Twin City Fire Insurance Company's conduct as described above, violated its Montana common law bad faith duties and obligations.

## COUNT IV – PUNITIVE DAMAGES – TWIN CITY FIRE INSURANCE COMPANY

22. The allegations set forth in Paragraphs 1 through 21 are incorporated herein as if set forth again in full.

23. Twin City Fire Insurance Company's conduct as set forth above constitutes Actual Malice in violation of Mont. Code Ann. § 27-1-221, where, as here, Twin City Fire Insurance Company had knowledge of facts or intentionally disregarded facts that created a high probability of injury to the Plaintiff and deliberately proceeded to act with indifference to the high probability of injury to the

Plaintiff. Therefore, Twin City Fire Insurance Company is liable to Plaintiff for punitive damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

1. For past medical expenses in an amount to be proven at trial;

2. For future medical expenses in an amount to be proven at trial;

3. For compensation for past and future pain and suffering and emotional distress in an amount to be proven at trial;

4. For loss of earnings and loss of earning capacity;

5. For damages for loss of Haley Lins' established course of life in an amount to be proven at trial;

6. For Plaintiff's loss of use of monies;

7. For damages for breach of the insurance contract;

8. For damages to compensate Plaintiff for the hardships, costs and severe emotional distress caused by Twin City Fire Insurance Company's failure to deal with the Plaintiff in good faith and fair dealing;

9. For bad faith damages including, but not limited to, Twin City Fire Insurance Company's violations of Mont. Code Ann. §§ 33-18-201 and 33-18-242 and Montana common law;

10. For exemplary damages in an amount to punish Twin City Fire Insurance Company for its unlawful and malicious settlement practices and deter other insurance companies from acting in bad faith and against the laws of the State of Montana when dealing with individuals such as Plaintiffs;

11. For reasonable attorney fees and costs because Plaintiff was forced to bring this action to obtain benefits due under the insurance contract. See: *Trustees of Indiana University v. Buxbaum*, 315 Mont. 210, 69 P.3d 663 (2003); *Mountain West Farm Bureau v. Brewer*, 315 Mont. 231, 69 P.3d 652 (2003); *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999 (9th Cir. 2009); *Mlekush v. Farmers Insurance Exchange*, 404 P.3d 704 (2017), 2017 MT 256, 389 Mont. 99; *King v. State Farm Mut. Auto. Ins. Co.*, 447 P.3d 1043(2019), 397 Mont. 126, 2019 MT 208.

12. For Plaintiff's costs and disbursements herein;

13. For supplemental relief authorized by Mont. Code Ann. § 27-8-313 including pre-judgment interest, attorney fees and costs, litigation expenses and other compensatory and punitive damages in an amount to be proven at the time of trial.

14. For pre-judgment interest on Plaintiff's damages as allowed by law;

15. For attorney fees;

16. For costs of suit herein; and

17. For such other and further relief as the Court may deem just and reasonable under the circumstances.

DATED this 1st day of December, 2023.

CHARLES S. LUCERO, P.C.

By: /s/ Charles S. Lucero
Charles S. Lucero
P.O. Box 3505
615 2nd Avenue North, Suite 200
Great Falls, MT 59403-3505

Attorney for Plaintiff


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 1st day of December, 2023.

CHARLES S. LUCERO, P.C.

By: /s/ Charles S. Lucero
Charles S. Lucero
P.O. Box 3505
615 2nd Avenue North, Suite 200
Great Falls, MT 59403-3505

Attorney for Plaintiff

-6-